**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DENNIS DAVID WATTS LARA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1207-R** |
| | ) | |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Dennis David Watts Lara, seeks release from detention by this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Watts Lara's Petition to United States Magistrate Shon T. Erwin, who recommended that the Court grant it in part and order a bond hearing pursuant to 8 U.S.C § 1226(a). [Doc. No. 13]. Respondents objected [Doc. No. 14], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents focus their objection on Judge Erwin's liberal construction of Mr. Watts Lara's Petition, Reply, and other pleadings. *See* Doc. No. 14. And it's true that Judge Erwin recommended a bond hearing based on a statutory argument that Mr. Watts Lara

---

[1] Mr. Watts Lara did not object.

didn't explicitly make. Doc. No. 14 at 10; *see Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). But all the pieces were there. Mr. Watts Lara alleged that he was previously paroled into the country, later detained by ICE, and now has pending proceedings before the BIA. Doc. No. 13 at 2, 6. While the Court is not Mr. Watts Lara's attorney, it's hardly herculean to apply these facts to an extraordinarily common question of law in this District. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023); *see Santillan Quiroz*, 180 F.4th at 1233 (characterizing Respondents' position as having "resulted in a large increase in the number of immigration detainees and a flood of habeas petitions challenging those detentions."). So the Court overrules Respondents' objection.

In any event, Judge Erwin also concluded—based on explicit arguments in the Petition—that Mr. Watts Lara's continued detention without a bond hearing violates the Due Process Clause. U.S. CONST. art. V; Doc. No. 13 at 10. Respondents didn't object to this portion of the R&R. Doc. No. 14 at 5. So the Court need not address this unobjected-to recommendation. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). *Aurelio v. Smith*, No. 1:25-CV-01984-CNS-KAS, 2026 WL 777188, at *3 (D. Colo. Mar. 19, 2026) ("Plaintiff's objections . . . did not address this portion of the magistrate judge's Recommendation, and the Court sees no reason to disturb it."); *Still v. Herndon*, 496 F. App'x 860, 864 (10th Cir. 2012) (affirming adoption of R&R where plaintiff "did not provide a specific objection to the portion of the Magistrate Judge's Recommendation concerning [plaintiff's] second claim for relief, and consequently adopted the

Recommendation . . . with relation to that claim") (citation modified) (unpublished). The Court ADOPTS the R&R.

Accordingly, the Court GRANTS in PART Mr. Watts Lara's Petition, Doc. No. 1, and ORDERS Respondents to provide him with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 16th day of October, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**